ALEJANDRINO RODRÍGUEZ ET AL., demandante y recurrido, *v.* CARLOS RODRÍGUEZ, demandado y recurrente.

Número: R-67-268    Resuelto: 3 de marzo de 1970

*Federico Pizarro Santiago,* abogado del recurrente; *Francisco Dávila Hernández,* abogado del recurrido.

PER CURIAM: En 5 de enero de 1964 mientras el demandante Alejandrino Rodríguez Ríos caminaba por la carretera Núm. 3 de Humacao a Yabucoa, fue arrollado por un automóvil que conducía Ventura Rodríguez y sufrió lesiones de importancia consistentes en una fractura compuesta de la pierna izquierda y golpes y heridas en la cabeza y en la cara. Demandados que fueron el conductor Ventura Rodríguez, el dueño del vehículo Carlos C. Rodríguez y la United States Casualty Company y celebrado el juicio, el Tribunal Superior dictó sentencia a favor de Alejandrino Rodríguez Ríos por $3,000.00 por concepto de daños físicos sufridos más $720.00 por pérdida de ingresos. No concedió honorarios.

El demandado Carlos C. Rodríguez sostuvo en el juicio y en su solicitud de revisión que él no era responsable porque él había vendido el automóvil que causó los daños. Como en autos aparecía un contrato, suscrito ante notario, mediante el cual Carlos C. Rodríguez vendía a Luis Ríos Salgado un automóvil Chevrolet en primero de agosto de 1962 y como el afidávit es legítimo, accedimos a revisar preocupados porque en efecto se hubiese cometido una injusticia para con el demandado Carlos C. Rodríguez. Examinado detenidamente el asunto en revisión encontramos que no se cometió tal injusticia porque se trata de dos automóviles distintos. El automóvil que arrolló al demandante fue un Chevrolet, modelo 1962, tablilla Núm. 201-245, motor número 21769T-272415. Este automóvil, según certificación oficial del Departamento de Obras Públicas (Exhibit 3 del demandante) aparecía para el 5 de enero de 1964, fecha del accidente, inscrito en el Negociado de Vehículos de Motor de dicho Departamento a nombre del demandado Carlos C. Rodríguez Rodríguez. El automóvil objeto del contrato de compraventa (Exhibit B del demandado) es un Chevrolet, modelo de 1961, tablilla 202-380, motor número 11769T-160817. Éste es el vehículo que Rodríguez vendió a Luis Ríos Salgado en primero de agosto de 1962 y no es el carro envuelto en el accidente.

▇▇▇ De los tres errores señalados el primero, el cual se refiere a la identidad del automóvil, no se cometió. Los otros dos señalamientos de error no tienen mérito. Uno se relaciona con la enmienda a la sentencia que hizo el tribunal de instancia. En su sentencia original el Tribunal Superior condenó "al demandado" a pagar al demandante las sumas antes dichas. En su sentencia enmendada el Tribunal condenó "al codemandado Carlos C. Rodríguez" a pagar al demandante dichas sumas. La sentencia enmendada no modifica en nada ni las determinaciones de hecho ni las conclusiones de derecho que el Tribunal hizo originalmente. La enmienda a la sen-

tencia, aclarándola, es una que está dentro de la sana discreción del Tribunal. *Sucn. Rosario* v. *Sucn. Cortijo*, 83 D.P.R. 678, 682 (1961). En cuanto al tercer error, no incidió el tribunal de instancia al declarar sin lugar una moción de reconsideración presentada luego de transcurrido el término de quince días que fija la Regla 47 de Procedimiento Civil. Especialmente esto es así en vista de las conclusiones a que hemos llegado en cuanto a los méritos del caso.

*Se confirmará la sentencia enmendada dictada por el Tribunal Superior, Sala de Caguas, en este caso en 13 de julio de 1967 y se le impondrá al demandado recurrente la suma de $500.00 por concepto de honorarios de abogado.*

El Señor Juez Presidente no intervino.