Luis Antonio Pérez Rodríguez, etc., et al., peticionarios, v. Tribunal Superior, Sala de Aguadilla, Hon. José A. Bianchi, Juez, demandado, Alberto Castro, interventor.

Número: O-70-274      Resuelto: 19 de mayo de 1971

Luis Negrón López y Luis Negrón Lizardi, abogados de los peticionarios; José Méndez Moll, abogado del interventor.

PER CURIAM: Se cuestiona en este caso la resolución del tribunal de instancia por conducto del Juez José A. Bianchi,

al efecto de que dicho tribunal actuó sin jurisdicción, cuando dicho tribunal por conducto de otro juez, previamente dejó sin efecto su sentencia de desestimación y archivo de este caso bajo la Regla 11 de las de Administración del Tribunal de Primera Instancia. La falta de jurisdicción se basó en que la moción de reconsideración de dicha sentencia fue, en derecho, rechazada de plano de acuerdo con lo dispuesto en la Regla 47 de las de Procedimiento Civil, y además, porque no se resolvió dentro del término que tenían las partes para apelar o solicitar la revisión de dicha sentencia.

Alega el interventor, en síntesis:

(1) Que el peticionario no cumplimentó la orden para mostrar causa porqué no debía desestimarse la causa, circunstancia que había surgido previamente en ocho ocasiones.

(2) Que la intención del peticionario fue presentar una moción de reconsideración, la cual está sujeta a lo dispuesto en la mencionada Regla 47.

(3) Que al darse cuenta que el tribunal no tenía jurisdicción, el peticionario trata de desviar la anterior moción de reconsideración hacia la Regla 49.2.

(4) Que siendo una sentencia dictada bajo la Regla 11 de las de Administración una adjudicación en los méritos bajo la Regla 39.2 de las de Procedimiento Civil, las demás Reglas de Procedimiento Civil son de aplicación y, por lo tanto, la alegación del peticionario que la Regla 47 no aplica bajo las circunstancias en que se encuentra el caso "es descabellada y carente de fundamento'".

(5) Que "Al ser rechazada de plano la primera moción de reconsideración interpuesta por el recurrente, debió entonces iniciar un recurso de revisión contra la sentencia dictada dentro del término concedido por las Reglas de Procedimiento Civil. Sin embargo, en el presente caso, el recurrente se cruzó de brazos esperando una acción por parte del Hon. Tribunal recurrido, permitiendo que expirara el término para

interponer su recurso"; que "[e]s así ya que la sentencia se notificó el 26 de marzo de 1969 y el término venció el 25 de abril de ese mismo año. . . . que al tomar acción el Hon. Tribunal recurrido sobre la Moción de Revisión ya carecía de jurisdicción para ello."

(6) Que la resolución impugnada resulta ser una sentencia que da por terminado el caso por lo que el peticionario tenía hasta el 23 de noviembre de 1970 para interponer un recurso de revisión que era el único recurso procedente, el cual no interpuso por lo que este *certiorari* resulta improcedente.

(7) Que los casos citados por el peticionario en apoyo de su contención no son de aplicación.

(8) Que la Regla 49.2 no es de aplicación pues no puede invocarse una negligencia excusable porque "éste resulta ser un caso radicado hace 17 años y en donde han habido innumerables incidentes relacionados con el archivo del mismo. Además la negligencia en el presente pleito se debió a actos de la propia parte recurrente . . . que la negligencia del recurrente lejos de ser excusable, es eminentemente condenable."

De entrada es necesario indicar que el récord demuestra que la inusitada dilación de la vista de este caso en su fondo se debe tanto a la parte recurrente como al interventor pues la primera ha solicitado y obtenido en repetidas ocasiones que no se archivase el caso por falta de trámite mientras que la segunda ha solicitado y obtenido en repetidas ocasiones la suspensión de la vista señalada del caso.

La cuestión central que debemos resolver es si el tribunal de instancia carecía o no carecía de jurisdicción para dejar sin efecto su sentencia de archivo.

Veamos el récord del caso relacionado con la resolución del tribunal de instancia al efecto de que carecía de jurisdicción la cual es motivo de impugnación:

(a) En 30 de julio de 1953 radicaron los peticionarios, el interventor y otros, una demanda de daños y perjuicios

por la muerte de su hijo menor ocasionada por la negligencia de González Aponte, al conducir un vehículo del interventor en el cual viajaban dicho menor y su padre, el peticionario Antonio Pérez Rodríguez. Se reclamaron $40,000 de daños. La contestación negando los hechos y aduciendo 4 defensas se radicó en 12 de julio de 1954.

(b) Luego de múltiples suspensiones de la vista del caso y de negarse el archivo del caso, en 13 de marzo de 1969 el tribunal de instancia, por conducto del Juez Veray Torregrosa, dictó otra orden más en este caso dirigida a los abogados de las partes para que mostraran causa porqué no debía desestimarse y archivarse el caso por falta de trámite.

(c) En 26 de marzo de 1969 dicho magistrado dictó sentencia en este caso decretando la desestimación y archivo del caso a tenor con las disposiciones de la Regla 11 para la Administración del Tribunal de Primera Instancia. [1]

(d) En 28 de marzo de 1969 la recurrente radicó una Moción Sobre Reconsideración y Continuación del Caso en que se expresó así:

"2°—La falta de movimiento en el presente caso se ha debido a las dificultades de los demandantes en localizar determinados testigos con conocimiento de hechos esenciales e indispensables para el establecimiento de las alegaciones de los demandantes, y durante los últimos seis meses también se ha debido a las obligaciones personales y de carácter público del abogado de la parte demandante. En parte la dilación se debió, durante algún

---

[1] "(a) El Juez Administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

(b) El Juez Administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el Secretario, expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos." (82 D.P.R. pág. 1123.)

tiempo, a que el demandante se mudó de residencia y su abogado no podía comunicarse con él.

3°—El abogado compareciente entiende que los demandantes tienen una buena y justa causa de acción y que pueden establecerla en Corte, y considera que en beneficio de la justicia debe ofrecérsele una última oportunidad, ya que este caso ha estado en proceso de tramitación por mucho tiempo."

En tal virtud solicitó se dejare sin efecto dicha sentencia y se ofreciese a los recurrentes un término razonable en el entendido que de no prepararse para juicio dentro de dicho término el caso será archivado por falta de trámite.

(e) Señalada en 9 de mayo de 1969 la anterior moción para vista el 2 de junio de 1969, al día siguiente a esta última fecha dictó el tribunal una resolución declarando dicha moción con lugar, dejando sin efecto la referida sentencia, y señalando la vista del caso en su fondo para el día 17 de septiembre de 1969 a las 9 A.M. Esta resolución se notificó a las partes en 6 de junio de 1969.

(f) En 22 de agosto de 1969 se efectuó un cambio en la representación legal del interventor y en esa misma fecha los nuevos letrados radicaron una moción solicitando la suspensión de la vista del caso porque:

"3. En vista de lo expuesto en el apartado primero de esta moción; en vista de que los hechos de este caso ocurrieron el día 16 de agosto de 1952 y en vista de [que] este caso se ha archivado innumerables veces, entiende el abogado que suscribe que debe dársele un término razonable para conseguir los posibles testigos a utilizarse en este caso y asimismo reunir toda la información necesaria para llevar a cabo una adecuada representación profesional en el pleito."

(g) En septiembre 26 de 1969 radicó el interventor una moción en que alegó que el tribunal carecía de jurisdicción para dejar sin efecto la referida sentencia por los fundamentos previamente indicados. Se opuso la recurrente.

(h) Señalada la vista de la anterior moción para el día 3 de noviembre de 1969 dictó el tribunal de instancia por

conducto del Juez José A. Bianchi una resolución en 28 de marzo de 1970 en que dictamina que el tribunal actuó sin jurisdicción al dictar su resolución dejando sin efecto su sentencia de desestimación y archivo del caso, porque la moción de reconsideración que solicitó esta última resolución fue rechazada de plano de acuerdo con la Regla 47 de las de Procedimiento Civil y que "Aun cuando dicha Moción fue rechazada de plano, como hemos apuntado anteriormente, el Tribunal podía haber resuelto la misma únicamente dentro del término que tenían las partes para revisar o apelar una sentencia." En tal virtud dejó el tribunal en toda su fuerza y efecto la referida sentencia de archivo. La radicación en autos de la notificación de la resolución de 28 de marzo de 1970 se hizo en 8 de junio de 1970 cuando se notificó la misma.

(i) La reconsideración de dicha moción, radicada en 18 de junio de 1970, fue señalada para vista en 6 de julio de 1970. El interventor radicó oposición a dicha reconsideración. Ambas partes sometieron la cuestión a la consideración del tribunal. En 23 de octubre de 1970 el tribunal denegó la moción de reconsideración con un no ha lugar, orden que se envió por correo a las partes en 23 de octubre de 1970.

(j) El *certiorari* en este caso se radicó en 7 de diciembre de 1970.

■ 1.—El apuntamiento al efecto de que el presente recurso de *certiorari* es improcedente porque la resolución impugnada es en derecho una sentencia que dispone del caso en forma final y que, por lo tanto, para impugnarla, procedía radicar un recurso de revisión y no de *certiorari,* revisión que no se ha radicado dentro del término prescrito, es inmeritoria. La impugnación de la última resolución del tribunal de instancia (la que dictaminó que el tribunal carecía de jurisdicción para dejar sin efecto la sentencia de archivo) plantea únicamente una cuestión sustancial de error procesal sobre una cuestión jurisdiccional que procede considerarla me-

diante el recurso de *certiorari*. *Cf. Rodríguez* v. *Tribunal Municipal y Ramos*, 74 D.P.R. 656, 667 (1953); *Román* v. *Corte Municipal*, 59 D.P.R. 482, 485 (1941); *Vázquez* v. *Corte Municipal*, 52 D.P.R. 257, 266, 267 (1937).

■ 2.—Si bien es cierto que la moción de reconsideración (párr. (d) anterior) se radicó en 28 de marzo de 1969 y que al señalarse para vista ya había expirado el término de cinco días que marca la Regla 47, no es menos cierto que el tribunal no quedó privado de su facultad para señalarla para vista como lo hizo en este caso. Conservó el tribunal jurisdicción no tan sólo para señalar dicha moción para vista sino, más luego, para actuar a base de la misma, dejando sin efecto la sentencia en cuestión señalando el caso para la vista en su fondo.

■ Aunque se tituló la referida moción como una de reconsideración, en efecto se trataba de una moción para dejar sin efecto una sentencia de archivo, actuación que, propiamente y en efecto, se consideró bajo las disposiciones de la Regla 49.2 de las de Procedimiento Civil en relación con una actuación—la sentencia de archivo—tomada bajo la Regla 11 para la Administración del Tribunal de Primera Instancia.

Por lo tanto, *se debe dejar sin efecto la resolución del tribunal de instancia dictada en 28 de marzo de 1970 y se debe mantener en todo su vigor su resolución de 3 de junio de 1969. En tal virtud, se devuelve el caso al tribunal de instancia para que se señale la vista del caso en su fondo para la fecha más próxima disponible, debiendo apercibirse a las partes que dicha vista no se suspenderá más a menos que surjan circunstancias excepcionales que así lo requieran.*

El Juez Asociado Señor Hernández Matos no intervino.