DILIA BARLETTA, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO ROBERTS, JUEZ, demandado; MOISÉS ARCELAY, interventor.

*Número:* O-71-227      *Resuelto:* 11 de mayo de 1972

*Héctor M. Laffitte,* abogado de la peticionaria; *Ramos & Riera,* abogados del interventor.

PER CURIAM: Una propiedad inmueble consistente de un solar de 165.96 metros cuadrados en Mayagüez, fue embargo en ejecución de una sentencia obtenida por la peticionaria contra dos individuos y dos corporaciones. Moisés Arcelay radicó un pleito de tercería en que alegó ser dueño de dicha propiedad. Luego de ser visto, se dictó sentencia en dicho pleito a favor de Arcelay en 22 de julio de 1971. A la peticionaria se le cursó por correo en 28 de julio de 1971 una notifición de que dicha sentencia había sido archivada en los autos ". . . donde podrá usted enterarse detalladamente de los términos de la misma" y de que en dicho día se había archivado en autos copia de dicha notificación. Con esta notificación no se incluyó copia de la referida sentencia. En 9 de agosto de 1971, la peticionaria solicitó de la secretaria del tribunal

le enviase copia de la referida sentencia a la brevedad posible ". . . ya que el término para la revisión . . . vence el 27 de agosto [de 1971]." Su reconsideración solicitada en esta última fecha fue rechazada de plano por haber sido radicada fuera del término jurisdiccional de 15 días prescrito por la Regla 47 de las de Procedimiento Civil.

En apoyo de este recurso, apunta la peticionaria que:

1.—De acuerdo con *Pérez Rodríguez* v. *Tribunal Superior*, 99 D.P.R. 977 (1971), y *El Mundo, Inc.* v. *Tribunal Superior*, 92 D.P.R. 791 (1965), el tribunal no quedó privado de su facultad y conserva jurisdicción "aunque ya hubiese expirado el término que marca la Regla 47 . . . mientras la sentencia no sea final y firme." No tiene razón. En los citados casos se trataba del término de cinco días prescrito en dicha Regla para que el tribunal rechace de plano o señale vista de una moción de reconsideración radicada dentro del término de 15 días fijado para esta actuación por la Regla en cuestión. En repetidas ocasiones hemos dicho que el referido término de 15 días es jurisdiccional. *Rodríguez* v. *Rodríguez*, 98 D.P.R. 744 (1970); *Barreto* v. *Sherris Caribbean, Inc.*, 92 D.P.R. 859, 865 (1965); *López Rivera* v. *Autoridad Fuentes Fluviales*, 89 D.P.R. 414, 418 (1963).

2.—El término de 15 días comenzó a transcurrir desde el 23 de agosto de 1971 cuando copia de la sentencia fue obtenida por la peticionaria, siendo desde entonces cuando ella tuvo disponible el referido término de 15 días. En apoyo de esta contención invoca la peticionaria la Regla 67.1 de las de Procedimiento Civil. A esos efectos arguye que:

"No es suficiente en derecho, por razones obvias, que se cumpla con el requisito de hacerle saber a una parte el dictamen de un tribunal con el solo envío de una copia de una notificación de una sentencia o una resolución. Es indispensable enviar copia del documento contentivo de la orden, sentencia, providencia o resolución. Así lo dispone tersa y llanamente la Regla 67.1. De lo contrario, los abogados postulantes difícilmente podrían prac-

ticar eficazmente su profesión si tuvieran que recurrir al tribunal para enterarse del contenido de los fallos de órdenes o sentencias en pleitos en que participan. Más grave sería el caso de abogados que postulan en distintos tribunales de la Isla."

█ Ni la Regla Núm. 47 ni la citada Regla 67.1 disponen que con la notificación de una sentencia se incluya copia de la misma a los fines de fijar la fecha en que comienza a transcurrir el término de 15 días prescrito por la Regla Núm. 47 para radicar una reconsideración de la sentencia. Por el contrario, la Regla 65.3, que específicamente se refiere a la notificación de sentencias y órdenes, solamente requiere que se curse una notificación del archivo en autos de la orden o sentencia, según sea el caso. Más aún, el propio formulario de notificación utilizado por el tribunal de instancia expresamente informa a la parte notificada que, siendo ella la parte perjudicada por la sentencia, podrá enterarse de los términos de la misma en los autos que obran en el tribunal. No abusó de su discreción el tribunal, por lo tanto, al rechazar de plano la moción de reconsideración en este caso ya que el término de 15 días para solicitar dicha reconsideración había expirado en 12 de agosto de 1971, pues la peticionaria fue notificada en 28 de julio de 1971 que se había archivado en autos copia de la notificación de la sentencia en el caso.

█ No obstante, creemos conveniente indicar que constituye la mejor práctica el que los secretarios de las distintas salas del tribunal de primera instancia incluyan con cada notificación, copia de la sentencia, orden, resolución u otra actuación del tribunal que deba ser notificada a alguna parte, de acuerdo con las Reglas de Procedimiento Civil en vigor.

En tal virtud, *se confirmará la orden del tribunal de instancia, de 27 de agosto de 1971.*

El Juez Presidente, Señor Negrón Fernández, no intervino.