Rodríguez García, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Los presentes recursos de apelación fueron referidos a nuestra consideración en virtud del Artículo 9.004 (b) de la Ley de la Judicatura, Ley Núm. 1 de 28 de julio de 1994.
Examinados los recursos este Tribunal emitió Resolución en 22 de agosto de 1995, consolidando ambas acciones dado el que tratan de los mismos hechos y fundamentos de derecho alegados por la *1382 parte demandante-apelante, M J. Consulting & Development, Inc., en adelante "M.J. Consulting".
Veamos una síntesis de la actividad procesal en ambos casos.
La sentencia de desahucio en el caso de la demandada-apelada, María Salgado, fue emitida en 29 de diciembre de 1993, notificándose la misma en 3 de enero de 1994. Solicitada la correspondiente Orden de Lanzamiento, ésta se expidió en 8 de abril de 1994. La misma fue enmendada a petición de parte en cuanto a la dirección de la demandada y se expidió una Orden Enmendada en 11 de mayo de 1994.
La parte demandada, María Salgado, compareció entonces solicitando "Moción de Nulidad de Lanzamiento" y "Moción Sobre Nulidad de Sentencia" en 24 de junio de 1994, por lo cual el tribunal de instancia ordenó a la parte apelante, "M. J. Consulting" a que expresara su posición en un término no mayor de diez (10) días. Luego de haberse cumplido la orden el tribunal señaló vista para discutir ambas mociones. 
El tribunal emitió Resolución en 1ro. de noviembre de 1994 y ésta se notificó en 3 de noviembre de 1994. Esta resolución ordenó la nulidad tanto de la Orden de Lanzamiento como de la sentencia dictada en contra de María Salgado.
Por otro lado, en el caso contra la demandada-apelada, Carmen L. Berrios, la sentencia de desahucio fue una por estipulación de la partes y fue aprobada por el tribunal en 28 de diciembre de 1993 y notificada el 30 del mismo mes y año.
Igual que en el caso de Salgado, se solicitó la correspondiente Orden de Lanzamiento y luego del tribunal otorgarla, el demandante radicó una Solicitud de Enmienda a Orden de Lanzamiento y finalmente la orden enmendada en cuanto a la dirección de la demandada Berrios, fue concedida en 11 de mayo de 1994.
Sucede entonces que Berrios presenta una "Moción de Nulidad de Lanzamiento" alegando que la sentencia por estipulación sometida por las partes y aprobada por el tribunal era contraria a derecho y además, que la orden de lanzamiento era nula debido a la falta de notificación al Departamento de la Vivienda y al Departamento de Servicios Sociales.
El tribunal ordenó a "M.J. Consulting" a expresar su posición por escrito y una vez así realizado ordenó la celebración de una vista para discusión de la moción.
Luego de celebrada la vista en el caso de Berrios, el tribunal emitió resolución ordenando la nulidad de la Orden de Lanzamiento en 1ro. de noviembre de 1994 y notificó la misma en 2 de noviembre de 1994.
"M. J. Consulting", presentó "Moción de Reconsideración" en ambos casos en 21 de noviembre de 1994 y en 22 de noviembre de 1994 el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Cayey, emitió ordenes a las partes demandadas para que cada una respectivamente expusiera su posición. Estas así lo hicieron presentando en 1ro. de diciembre de 1994, "Réplica a la Moción de Reconsideración". El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Cayey, emitió Resolución declarando No Ha Lugar a la Moción de Reconsideración ya que ésta fue presentada fuera de los términos que establece la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47, y que a la misma le aplica lo dispuesto en la Regla 68.2. Esta Resolución fue emitida en 9 de diciembre de 1994 y notificada el 12 de diciembre del mismo año.
El demandante, "M.J. Consulting", procedió entonces a presentar el presente recurso de apelación el día 10 de enero de 1995 en la Secretaría del anterior Tribunal de Distrito, Sala de Cayey, apelando ante el anterior Tribunal Superior, Sala de Guayama, la Resolución del 9 de diciembre de 1994 donde se anulan los procedimientos en contra de sus demandadas, Carmen Berrios y María Salgado. 
En ambos casos, las demandadas-apeladas, Berrios y Salgado, presentaron "Moción de Desestimación” alegando que el antiguo Tribunal Superior, en su fase apelativa para esa fecha, carecía *1383 de jurisdicción para entender en el recurso de apelación en su contra porque el mismo fue presentado fuera del término establecido por ley.
Concurrimos con la posición de las demandadas y en consecuencia desestimamos el presente recurso de apelación.
A continuación los fundamentos.
II
Antes de la vigencia de la Ley de la Judicatura de 1994, supra, que entró en vigor el 24 de enero de 1995, las apelaciones del anterior Tribunal de Distrito al Tribunal Superior, se regían por las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, adoptadas por el Tribunal Supremo de Puerto Rico, el 7 de junio de 1979, y efectivas el 1ro. de octubre de 1979.
La Regla 4 de apelación disponía:
"Se formalizará la apelación radicando un escrito de apelación en la Secretaría del Tribunal de Distrito que dictó la sentencia, y copia en la Secretaría del Tribunal Superior al que se apela, dentro del término y con la notificación, a todas las partes conforme lo provisto en las Reglas de Procedimiento Civil, Apéndice III del Título 32, o en las Reglas de Procedimiento Criminal, Apéndice II del Título 34 según fuere el caso. Si el escrito de apelación no se radicare y notificare en la forma y dentro de los términos antes dispuestos, la apelación será desestimada por el Tribunal Superior, a iniciativa propia o a solicitud de parte." (Enfasis suplido.)
El término y procedimiento para formalizar la apelación se regía por la Regla 53.1. (a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 53.1(a), que establece:
"La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia. "(Enfasis suplido.)
Sin embargo, aunque la regla establece el término de treinta (30) días para la presentación del recurso de apelación, el inciso (d) de la misma Regla 53.1 nos expone que este término puede ser interrumpido en ciertas circunstancias:

"El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

(2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47;

(3)..." (Enfasis suplido.)
El apelante en su "Oposición a Moción de Desestimación" argumenta la posición de que una vez el tribunal ordenó a la parte demandada a expresarse sobre la Moción de Reconsideración se interrumpieron los términos para recurrir en apelación y por tanto el recurso de apelación fue presentado en tiempo. Argumenta además, que en este caso es de aplicación la Regla 68.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 68.3, a los efectos de añadirle el término de tres (3) días a las notificaciones hechas por correo .
No le asiste la razón.
*1384 La Regia 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47, regula el procedimiento a ' seguir para la presentación de una moción de reconsideración.
"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en ■autos de una copia de la notificación de la- sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna j determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano." (Enfasis suplido.)

Cuando el término para recurrir de una sentencia fuere interrumpido en virtud de esta regla, la interrupción beneficiara a cualquier otra parte que se hallare en el pleito."

Como bien señala el apelante, el Tribunal Supremo de Puerto Rico en el caso de Barletta v. Tribunal Superior, 100 D.P.R. 690, 693 (1972), reiteró que el término de quince (15) días para presentar la moción de reconsideración al amparo de la Regla 47 de las de Procedimiento Civil, supra, es uno jurisdiccional. 
Es principio también del Tribunal Supremo que los términos jurisdiccionales no pueden ser • prorrogados por los tribunales apelativos y que hacerlo sería un abuso de discresión. Pueblo v. Miranda, 115 D.P.R 511 (1984); López Rivera v. AF.F., 89 D.P.R. 41L1 (1963); Martínez v. Junta de Planificación, 108 D.P.R. 839 (1980).
El argumento del apelante de añadir tres (3) días al término para presentar su moción de reconsideración no tiene fundamento en la misma Regla que lo permite.
"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia." (Enfasis suplido.)
Si nos referimos al texto de la propia Regla 47 de las de Procedimiento Civil, supra, podemos ver claramente que el mismo señala que el término para presentar la referida moción se contará "desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en autos de una copia de la notificación de la sentencia" por lo que quedaría fuera del alcance de la citada regla.
En Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 532 (1988) el Tribunal Supremo, en un caso de revisión judicial de un decreto administrativo, resuelve que el término de tres (3) días no podra añadirse al término de treinta (30) días para presentar un recurso de revisión ante el antiguo Tribunal Superior por ser este último de naturaleza jurisdiccional y expresó:
"Resuelto que el término de treinta (30) días para recurrir al Tribunal Superior de la decisión de la Comisión es de naturaleza jurisdiccional, es ineludible concluir que éste no puede ser ampliado tres (3) días cuando la notificación es por correo. Regla 68.3 de Procedimiento Civil, supra. La razón es sencilla. Cuando un término es de naturaleza jurisdiccional, dicho término no puede ser ampliado tres (3) días cuando la notificación se realiza por correo. En esas circunstancias no es aplicable la Regla 68.3 de Procedimiento Civil, supra...." (Enfasis suplido.)
III
El apelante fue notificado de la resolución dictada en su contra en el caso de la apelada Carmen Berrios en 2 de noviembre de 1994 y en 3 de noviembre de 1994 en el caso de María Salgado. Para presentar su moción de reconsideración, tenía quince (15) días jurisdiccionales, lo que se extendía *1385 hasta el 17 de noviembre en el caso de Berrios y hasta el 18 del mismo mes en el caso de Salgado. No fue hasta el día 21 de noviembre del mismo mes que la apelante "M.J. Consulting", presentó la moción de reconsideración en los casos de Berrios y Salgado.
"M.J. Consulting", no cumplió con la presentación de la moción de reconsideración dentro del término requerido por ley y como ya hemos discutido el término de tres (3) días de la Regla 68.3, supra, no le es aplicable, por lo que al ser ineficaz, el término no se interrumpió.
Finalmente cabe señalar que la acción del Juez del tribunal de instancia ordenando a las partes, Berrios y Salgado a expresarse sobre la moción de reconsideración, no constituye el acto interruptor del término para apelar, debido a que las mociones se presentaron transcurridos más de los quince (15) días que concede la Regla 47 de Procedimiento Civil, supra.
Diferente resultado se hubiese operado si la moción se hubiese presentado en tiempo y el tribunal toma alguna determinación sobre la misma aun luego de pasado el término de diez (10) días para considerar la moción pero antes de los treinta (30) para acudir en apelación. En este supuesto el término quedaría interrumpido. Rodríguez Rivera v. Autoridad Carreteras, 110 D.P.R. 184, 187 (1980).
Por los fundamentos expuestos resolvemos que este Tribunal carece de jurisdicción para considerar el presente recurso de apelación.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 20
1. Desde esta vista el tribunal de instancia comienza a tratar los casos de María Salgado y Carmen L. Berrios como consolidados, ya que las mociones presentadas por ambas demandadas-apeladas fueron discutidas en conjunto.
2. La Moción presentada en ambos casos es la misma y de ésta surge que ambas demandadas están siendo representadas por los mismos abogados.
3. 32 L.P.R.A. Ap. Ill, R. 68.2.
4. En el epígrafe de la Resolución se mencionan a ambas apeladas como demandadas. Véase página 60 de los autos originales del caso Núm. KLAN-95-00887 y la página 59 de los autos originales del caso Núm. KLAN-95-00888.
5. El recurso de apelación presentado es el mismo para ambas demandadas. Véase página 62 de los autos originales del recurso Núm. KLAN-95-00887 y página 61 de los autos originales del recurso Núm. KLAN-95-00888.
6. L.P.R.A. Ap. HI - A, R.4.
7. Véase página 94 de los autos originales del recurso Núm. KLAN-95-00887.