## En el Tribunal Supremo de Puerto Rico

| CHARLES E. VEGA MALDONADO | |
|---|---|
| Peticionario | Certiorari |
| .V | **TSPR98-37** |
| CARMEN L. ALICEA HUACUZ | |
| Recurrida | |

Número del Caso: **CC-97-0146**

Abogados Parte Demandante:

 Lic. Luz de Borinquen Dávila

 (Dáavila & Pagán)

Abogados Parte Demandada:

 Lic. Lourdes Santiago Ortiz

Abogados Parte Interventora:

Tribunal de Instancia: Superior, Sala de Bayamón

Juez del Tribunal de Primera Instancia:

 Hon. Georgina Dávila Altieri

Tribunal de circuito de Apelaciones: Circuito Regional de Bayamón, Panel !

Juez Ponente:

 Hon. Broco Oliveras

Fecha: 4/2/1998

Materia:

   Este documento constituye un documento
   oficial del Tribunal Supremo que está sujeto

a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Charles E. Vega Maldonado

Demandante-recurrente

  v.

CC-97-146

Certiorari

Carmen L. Alicea Huacuz

Demandada-recurrida

Opinión del Tribunal emitida por el Juez Asociado señor **Negrón García**

San Juan, Puerto Rico, a 2 de abril de 1998

Las Reglas de Procedimiento Civil –cuyo objetivo es dilucidar rápida, económica y justicieramente toda causa– se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden se revela en las distintas etapas y variados incidentes de un litigio –alegaciones, mociones, descubrimiento, vista evidenciaria, sentencia, reconsideración, apelación– y sus efectos escalonados. Cada etapa se sirve de la anterior y proyecta para la próxima. Si se trastoca una de esas etapas por el mal uso o abuso de una regla, se desestabiliza todo su

ensamblaje. Una de las características principales de las reglas es que se basan en una hipótesis de **generalidad**; son para atender asuntos usuales, no de excepción. Aún así, las reglas reconocen que dentro del proceso hay situaciones no visualizadas que justifican un proceder distinto para evitar injusticias.

# I

Charles E. Vega Maldonado y Carmen L. Alicea Huacuz, se divorciaron por consentimiento mutuo el 14 de octubre de 1992 en el Tribunal de Primera Instancia, Sala de Bayamón. Estipularon una pensión alimentaria de $125.00 mensuales a favor del hijo menor.

El 29 de marzo de 1994, Alicea Huacuz pidió aumento en la pensión. La ilustrada Sala (Hon. Georgina Dávila Altieri), la denegó de plano mediante Resolución notificada el 17 de mayo. El 3 de junio –diecisiete (17) días después de esa notificación– Alicea Huacuz solicitó reconsidera-ción. Acogida dicha moción el 8 de junio, el 11 de febrero de 1995, previa vista evidenciaría, el Tribunal aumentó la pensión a $500.00, retroactivo a la solicitud del 29 de marzo de 1994.

El 6 de julio de 1995, Vega Maldonado pidió relevo bajo la Regla 49.2 de Procedimiento Civil. Adujo que el Tribunal carecía de jurisdicción pues no podía acoger la reconsideración transcurridos los quince (15) días

improrrogables dispuestos en la Regla 47. En oposición, Alicea Huacuz argumentó que la presentó en tiempo pues dicho término quedó prorrogado en virtud de los tres (3) días que concede la Regla 68.3 cuando la notificación es por correo. El Tribunal declaró sin lugar el relevo. Al solicitar reconsideración, Vega Maldonado sostuvo que la Regla 68.3 era inaplicable por disponer la Regla 47 un término jurisdiccional. Instancia reiteró su criterio y aclaró que su negativa original fue por Orden Interlocutoria y, como "no era una sentencia final no corrió contra ella el término que establece la Regla 47 de las de Procedimiento Civil,..." Sostuvo además que los alimentos de menores estaban revestidos de un alto interés público, "...que envuelve la revisión según cambien las circunstancias del alimentante y alimentista. Por estas razones, concluimos que el término es directivo y el Tribunal conservó la jurisdicción para entender en la solicitud." (Resolución del 20 de agosto de 1996).

Vega Maldonado acudió en certiorari al Tribunal de Circuito de Apelaciones. Dicho foro (Hons. Sánchez Martínez, Broco Oliveras y Urgell Cuebas), se negó a expe-dir por entender que Instancia había actuado correctamente y tenía discreción para reconsiderar pasados los quince (15) días, por lo que el término no era jurisdiccional.

Ante nos, Vega Maldonado reproduce los mismos planteamientos.

**II**

Al término jurisdiccional de quince (15) días de la Regla 47, no le aplica la extensión de tres (3) días de la Regla 68.3.

La Regla 47 en lo pertinente dispone que "[l]a parte **adversamente afectada por una resolución, orden o sentencia** del Tribunal de Primera Instancia podrá, **dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden** o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, **presentar** una moción de reconsideración de la resolución, orden o sentencia."

El término de la Regla 47 en una sentencia es fatal. <u>Barletta</u> v. <u>Tribunal Superior</u>, 100 D.P.R. 690 (1972); <u>Sociedad de Gananciales</u> v. <u>A.F.F.</u>, 108 D.P.R. 644 (1979). Sin embargo, se ha quedado en el tintero si igual solución rige en cuanto a las resoluciones y órdenes. Una teoría,

acogida por el reputado Tribunal de Circuito de Apelaciones, es que es directivo pues las órdenes y resoluciones interlocutorias carecen de finalidad y, por ende, contra ellas no corren términos jurisdiccionales. Bajo la misma, el Tribunal conserva facultad de corregirlas antes de que termine el pleito. O sea, por ser interlocutorias, se les niega inmediatez y finalidad.

La dificultad de este enfoque es que esos dictámenes, salvo **reconsideración oportuna** o que **en alzada** se dejen sin efecto, ponen fin a incidentes **dentro del proceso litigioso escalonado.** Negarle finalidad es simplemente poner en entredicho ante abogados y partes, la certeza, seriedad y autoridad que debe caracterizar nuestro sistema procesal-adjudicativo en todas sus **etapas críticas antes de que se dicte sentencia**, e incluso, luego de ser dictada.

La lectura de la Regla 47 transcrita revela una sola diferencia, a saber, el comienzo de los quince (15) días. Para las órdenes y resoluciones desde su notificación; las sentencias desde el archivo en autos de copia de su notificación. Ello no es suficiente para establecer que uno es jurisdiccional y el otro directivo. Por otro lado, al examinar las reglas en conjunto, observamos que el tratamiento visualizado **es jurisdiccional**. Al respecto, la Regla 68.2 prohíbe prorrogar o reducir dicho término. Cuevas Segarra, J., <u>Procedimiento Civil</u>, P.P.P. Vol. II, 1988, págs. 445-447. Esta prohibición no hace distinciones;

se extiende a todos los términos de la Regla 47. Adviértase el uso del lenguaje en forma singular y, repetimos, que no distingue entre sentencias, resoluciones u órdenes. Otra interpretación afectaría no sólo la Regla 47, sino el crucial término que corre simultáneamente con la reconsideración, como lo es el período para acudir en certiorari al Tribunal de Circuito de Apelaciones. Precisamente por la naturaleza interlocutoria de estas órdenes, debe evitarse toda demora.

Tampoco las reglas contemplan que se extiendan los tres (3) días de la Regla 68.3 a los términos señalados en la Regla 68.2, que según hemos visto, incluye la Regla 47. Cuevas Segarra, ob. cit., pág. 447. El propósito de la Regla 68.3 es añadirle tres (3) días a los términos prescritos por las reglas cuando la notificación es por correo, teniendo el efecto de prorrogarlo. **Sin embargo, los términos jurisdiccionales nunca pueden ser ampliados aunque sean notificados por correo**. Gobernador de P.R v. Alcalde de Juncos, 121 D.P.R. 522 (1988).

Bajo el actual organigrama, expirado el término jurisdiccional de la Regla 47, la parte afectada puede intentar revisar y dejar sin efecto el dictamen en cuestión a través del certiorari ante el Tribunal de Circuito de Apelaciones. También en ciertas circunstancias, tiene a su haber el remedio de la Regla 49.2, sobre relevo de senten-cia, **resoluciones y órdenes**.

En conclusión, bajo la Regla 47, el término de quince (15) días jurisdiccional aplica a sentencias, resoluciones y órdenes.

### III

Lo expuesto no dispone del recurso. Se recordará que originalmente el Tribunal de Instancia rechazó de plano la solicitud de aumento de pensión alimentaria, porque no habían transcurrido los tres (3) años dispuestos en la Ley de Sustento de Menores, 8 L.P.R.A. sec. 518. En su solicitud de aumento, Alicea Huacuz expuso vagamente cambios en la vida del menor y su padre que podrían justificar un aumento de la pensión. Dicha moción, rechazada por el tribunal, no ponía a este en posición apta para resolverla. Es luego, al Alicea Huacuz presentar su reconsideración tardíamente, que en forma clara y detallada expuso las razones por las cuales debía aumentar, pero el tribunal no podía acogerla como tal por carecer de jurisdicción. Sin embargo, nada le impedía, conforme Pagán Navedo v. Rivera Sierra, res. en 30 de mayo de 1997 y Barreto v. Sherris Caribbean, Inc., 92 D.P.R. 859 (1965), examinarla como una moción bajo la Regla 49.2(6).

Como hemos expresado anteriormente, "[u]na interpreta-ción liberal de la regla 49.2 permite considerar una moción de reconsideración como una de relevo de sentencia, aún después de haber transcurrido el término para considerar la reconsideración o aún después de haber advenido final y firme la sentencia, cuando dicha moción cumple con los requisitos establecidos en dicha regla." Pagán Navedo v. Rivera Sierra, supra. Este último trámite es cónsono con nuestra jurisprudencia y no existe razón o fundamento de peso para intervenir y alterar la decisión de aumentar la pensión retroactivamente. Toda revisión se da contra el dictamen y no sus fundamentos. La conclusión errónea de Instancia de que tenía discreción para aumentar la pensión pues se había extendido el término de la Regla 47 en virtud de los tres (3) días de la Regla 68.3, no varía el resultado. El efecto de convocar una vista evidenciaría luego de presentada la reconsideración (fuera de término), no fue otro que bajo la Regla 49.2, relevar a las partes de su resolución original denegando el aumento. Estamos ante un incidente de alimentos, **después** de una sentencia final y **firme** de divorcio. El relevo no es encuanto a la disolución del matrimonio, sino sobre una negativa a entender en una solicitud de alimentos un (1) año y cinco (5) meses después. No existe pues, impedimento alguno para activar la Regla 49.2 de Procedimiento Civil. El ámbito de la Regla 49.2(6) y su interpretación liberal es suficientemente amplio. Pagán Navedo v. Rivera Sierra, supra, Negrón Rivera y Bonilla, Ex-parte, 120 D.P.R. 61 (1987). A fin de cuentas, a estas alturas no se cuestiona que los dictámenes sobre alimentos de menores están revestidos del más alto interés público, susceptibles de ser revisados, sin que pueda oponerse la defensa de cosa juzgada.

Se dictará Sentencia confirmatoria.


**ANTONIO S. NEGRON GARCIA**

Juez Asociado


**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Charles E. Vega Maldonado

Demandante-recurrente

v.

CC-97-146

Certiorari

Carmen L. Alicea Huacuz

Demandada-recurrida


**SENTENCIA**

San Juan, Puerto Rico, a 2 de abril de 1998

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia y se confirma la Resolución del Tribunal de Circuito de Apelaciones de fecha 14 de febrero de 1997.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri concurren en el resultado sin opinión escrita. El Juez Asociado señor Rebollo López no interviene.


Isabel Llompart Zeno

Secretaria del Tribunal Supremo

Retornar al índice anterior