SENTENCIA
El 6 de mayo de 2001 Maximino Ramos Ramos presentó una demanda en el Tribunal de Primera Instancia, Sala Superior de San Juan, contra Westernbank de Puerto Rico (Westernbank), entre otros, sobre restitución de fondos y daños y perjuicios. Celebrada la vista en su fondo, el 9 de *630 mayo de 2005 el tribunal de instancia ordenó a Western-bank a pagarle a Ramos $68,191.40, en restitución de los fondos que estaban en su cuenta de cheques, $15,000 en daños y perjuicios y $2,500 por honorarios de abogado. Dicha sentencia se notificó y archivó en autos el 11 de mayo de 2005.
El 23 de mayo de 2005 Westernbank presentó, en tiempo, una moción de determinaciones de hecho y conclusiones de derecho adicionales y reconsideración. El 26 de mayo de 2005 el tribunal declaró “no ha lugar” la moción presentada por Westernbank. Dicho dictamen se notificó el 2 de junio de 2005.
Así las cosas, el 22 de junio de 2005 el tribunal emitió una “Notificación Enmendada” en relación con la moción de determinaciones de hechos y de derecho adicionales y reconsideración. Aun cuando se hizo constar que esta notificación era “enmendada”, era idéntica a la notificación original de 2 de junio de 2005.
Inconforme con la determinación del tribunal de instancia, el 21 de julio de 2005 Westernbank presentó un recurso de apelación ante el Tribunal de Apelaciones. En esa misma fecha, Westernbank también presentó ante dicho foro una moción para utilizar la transcripción de la prueba oral de los procedimientos ocurridos ante el tribunal de instancia, la cual había sido tomada por taquígrafo y transcriptor independiente.
El 3 de agosto de 2005 Ramos Ramos se opuso, mediante moción a esos efectos, a que utilizaran dicha transcripción. Adujo que no recordaba que el tribunal de instancia hubiese autorizado la grabación; que el transcriptor, aparte de no habérsele tomado el juramento, no era funcionario del tribunal y que Westernbank no había notificado copia de la transcripción una vez concluyó el juicio. Ramos no levantó la defensa de falta de jurisdicción. El 19 de septiembre de 2005 el Tribunal de Apelaciones emitió una resolución denegando el uso de la transcripción de la prueba presentada por Westernbank porque no cumplía con el reglamento de dicho foro.
*631 El 17 de octubre de 2005 las partes presentaron una moción conjunta para que el Tribunal de Apelaciones autorizara utilizar la transcripción antes descrita como transcripción estipulada. El 26 de octubre de 2005 el Tribunal de Apelaciones emitió una resolución accediendo a la solicitud de las partes. En ésta ordenó la presentación de sus respectivos alegatos.
Posteriormente, el 13 de julio de 2006 el Tribunal de Apelaciones emitió una sentencia en donde desestimó el recurso de apelación presentado por Westernbank por alegada falta de jurisdicción. En dicha sentencia, el foro apelativo intermedio adujo que de los autos originales del caso no surgía que la primera notificación que resolviera la moción de determinaciones de hechos y derechos adicionales y reconsideración fuese errónea ni que las partes solicitaran que el tribunal la notificara nuevamente. A base de ello, el Tribunal de Apelaciones concluyó “que la notificación enmendada en este caso fue totalmente inoficiosa ya que no existía ninguna razón por la cual tuviera que notificarse nuevamente la resolución del 26 de mayo de 2005. Todo parece indicar que tal notificación fue el resultado de un error de la Secretaria del TPF. (Énfasis nuestro.) Apéndice-A de la Petición de certiorari, págs. 55-56.
De esta manera, el Tribunal de Apelaciones entendió que el término de treinta días, dentro del cual Western-bank estaba obligado a apelar, comenzó a transcurrir el 2 de junio de 2005, fecha en que primero se notificó la mencionada resolución, y no el 22 de junio de 2005, fecha de la notificación enmendada. Por ende, según el cálculo del Tribunal de Apelaciones, Westernbank tenía hasta el 5 de julio de 2005 para presentar el recurso de apelación.(1) Consecuentemente, habiendo Westernbank presentado su *632 recurso de apelación el 21 de julio de 2005, el Tribunal de Apelaciones resolvió que no tenía jurisdicción.
Westernbank acudió ante este Tribunal —vía certiorari— para aducir únicamente que el Tribunal de Apelaciones incidió “al desestimar por falta de jurisdicción la apelación radicada oportunamente por el recurrente.” Petición de certiorari, pág. 6.
El 2 de febrero de 2007 emitimos una resolución concediéndole veinte días a Ramos Ramos para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar sentencia revocatoria de la emitida por el Tribunal de Apelaciones. Contando con la comparecencia de las partes, procedemos a resolver.
I
Los procedimientos judiciales ante un tribunal de instancia finalizan cuando el juez dicta sentencia resolviendo la cuestión ante su consideración. Una vez se notifica y se archiva en autos copia de dicha sentencia, la parte perjudicada cuenta con un término para acudir en apelación ante el Tribunal de Apelaciones. La Regla 53.1(c) de Procedimiento Civil dispone que el término para recurrir en apelación es de treinta días, contado desde el archivo en autos de copia de la notificación de la sentencia. 32 L.P.R.A. Ap. III. Como es sabido, este término es de carácter jurisdiccional.
No obstante, este término se puede interrumpir utilizando ciertos mecanismos procesales posteriores a la sentencia. Ejemplo de ello es la moción para enmiendas o determinaciones iniciales o adicionales de hechos o de derecho. De acuerdo con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dentro de los primeros diez días de archivada en autos copia de la sentencia, una parte puede solicitarle al tribunal, mediante moción, que haga enmiendas o determinaciones adicionales de hechos o de derecho. La parte que presente dicha moción está obligada a notificársela a las demás partes dentro del mismo *633 término. Este término de notificación es de cumplimiento estricto.
Así pues, la presentación oportuna de la moción para enmiendas o determinaciones adicionales interrumpe el término para acudir ante el tribunal apelativo. Sin embargo, la mera presentación de dicha moción no siempre interrumpe el término para apelar. El propósito de la Regla 43.3, ante, no es aumentar el término jurisdiccional, sino más bien, ese es un efecto incidental de la regla. Por ende, en Andino v. Topeka, Inc., 142 D.P.R. 933, 938 (1997), resolvimos que para que una solicitud de determinaciones adicionales interrumpa el término apelativo
... no basta que su título exprese que se piden tales determinaciones de hecho o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo.
Conforme lo anterior, cuando la parte que solicita determinaciones adicionales de hechos o derecho cumple con los requisitos expuestos, los términos para ir en apelación “comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas”. (Enfasis nuestro.) 32 L.P.R.A. Ap. Ill, R. 43.4. Cabe señalar que en Juliá et al. v. Epifanio Vidal, S.E., 153 D.P.R. 357 (2001), explicamos que un recurso apelativo resultará prematuro si se presenta antes de que el tribunal sentenciador resuelva y notifique una moción de determinaciones adicionales.
Por otro lado, el término de treinta días para apelar está sujeto a que se emita una notificación correcta. Una vez el tribunal dicta una sentencia, orden o resolución, el secretario del tribunal tiene que notificársela a las partes. De acuerdo con la Regla 46 de Procedimiento Civil, “[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo”. 32 L.P.R.A. Ap. III.
Como expresáramos en Caro v. Cardona, 158 D.P.R. 592, 600 (2003), “la notificación es parte integral de la ac *634 tuación judicial y afecta el estado procesal del caso. Por lo tanto, para que una resolución u orden surta efecto, tiene que ser emitida por un tribunal con jurisdicción y notificada a las partes, ya que es a partir de la notificación cuando comienzan a transcurrir los términos establecidos en dicha resolución u orden”. (Énfasis suprimido.)
Por otro lado, las Reglas 65.3 y 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establecen la forma en que se hará toda notificación. Cuando por equivocación no se hace de la forma establecida ni se da esa simultaneidad, la notificación es, a priori, defectuosa y no se activan ni comienzan a transcurrir los términos jurisdiccionales correspondientes.
“La correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.” J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, págs. 1138-1139.
No obstante, la Regla 49.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, le permite a los tribunales corregir en cualquier momento todo error de forma que surja de una sentencia, orden u otra parte del expediente. Hemos señalado que estos errores son aquellos que ocurren “por inadvertencia u omisión, o [por] errores mecanografíeos, o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales”. (Énfasis suprimido.) Vélez v. A.A.A., 164 D.P.R. 772, 791 (2005); S.L.G. Coriano-Correa v. K-Mart Corp., 154 D.P.R. 523 (2001).
Ejemplo de ello es no enviar copia de la sentencia, orden o resolución junto con la notificación. Por lo tanto, estos errores en la notificación no tienen el efecto de interrumpir el término dispuesto para instar los remedios posteriores a la sentencia. Vélez v. A.A.A., ante; Barletta v. Tribunal Superior, 100 D.P.R. 690 (1972).
*635 II
El Tribunal de Apelaciones descansó en Rodríguez Mora v. García Lloréns, 147 D.P.R. 305 (1998), para desestimar el recurso de apelación de Westernbank. En dicho caso resolvimos que “[u]n error oficinesco imputable a la secretaría de un tribunal, y la necesidad de subsanarlo mediante la emisión de una ulterior notificación enmendada de sustancia, no puede generar la anomalía de crear dos (2) términos apelativos jurisdiccionales ...”. Id., pág. 310.
No obstante, los hechos en Rodríguez Mora v. García Lloréns, ante, no se asemejan a los hechos del presente caso. Primeramente, en aquella ocasión, la controversia versaba sobre una notificación inexistente porque no le notificaron la sentencia a una parte. En el caso ante nos no hubo una notificación defectuosa. Todas las partes fueron debidamente notificadas. El problema surge porque después de notificada la orden innecesariamente, se notificó otra como “enmendada”.
Westernbank no aduce que existan ni que se pueden crear dos términos jurisdiccionales. Simplemente plantea que, aun cuando está de acuerdo con la conclusión del Tribunal de Apelaciones de que el tribunal de instancia cometió un error al notificar por segunda vez la resolución de la moción, no se le debe penalizar por dicho error.
En Vélez Seguinot v. A.A.A., ante, también tuvimos la oportunidad de discutir el tema de errores en la notificación. En aquella ocasión, cuando el Tribunal de Primera Instancia notificó la sentencia, el volante de notificación hizo constar una fecha de sentencia incorrecta aun cuando la sentencia como tal contenía la fecha correcta. De hecho, las partes acudieron en tiempo ante el Tribunal de Apelaciones, dejándose llevar por la susodicha notificación. No fue hasta que una parte acudió ante este Tribunal que alegadamente se percató que la notificación no se había hecho “conforme a derecho” y a su vez solicitó del Tribunal de Primera Instancia que enmendara dicha notificación *636 para que incluyera la fecha correcta de la sentencia emitida por ese foro.
Así las cosas, el tribunal de instancia emitió una notificación enmendada, según se le solicitó, y “ ‘aclaró’ que ésta era sólo a los fines de corregir la fecha en que fue emitida la sentencia”. Vélez v. A.A.A., ante, pág. 783. En cuanto a la controversia de si la primera notificación era correcta en derecho, resolvimos que
[n]o hay duda de que se trata de un mero error oficinesco en la referida notificación, ocurrido por inadvertencia, que no afectó la sustancia de la sentencia emitida ni los derechos de las partes, en específico de los demandados. La mejor evidencia de ello constituye el hecho de que éstos acudieron, en tiempo, ante el Tribunal de Apelaciones .... íd., pág. 793.
Consecuentemente, en esa ocasión entendimos que el término para acudir en apelación comenzó a transcurrir desde la primera notificación en donde la fecha de la sentencia era errónea.
No empece, consideramos que el caso ante nuestra consideración se distingue del de Vélez v. A.A.A., ante. En el presente caso, la primera notificación no adolecía de error alguno y ninguna parte solicitó que se emitiera una notificación enmendada. Siendo así, ¿cómo aplicarle a estos hechos la casuística antes mencionada —relativa a cuando una primera notificación es errónea o incorrecta en derecho— cuando la notificación en el presente caso no lo era?
No se podría decir, como se dijo en Vélez v. A.A.A., ante, que la enmienda corrigió un “mero error oficinesco” o de forma, que no va a la sustancia de la notificación y que por lo tanto se retrotrae a la fecha de la notificación original, porque como ya dijéramos, la primera notificación en el presente caso no adolecía de error alguno. Además, no podemos decir, ni concluir, que las partes sujetas a dicha notificación dieran por sentado que la notificación enmendada era, en su totalidad, un “mero error oficinesco” o de forma.
Fue el propio tribunal de instancia que, tal vez por inadvertencia, emitió la notificación enmendada, que a su *637 vez no contiene, ni hace alusión, a enmienda o cambio alguno. El problema estriba precisamente en que no hay explicación alguna para la actuación del tribunal en relación con la notificación enmendada. De haberla, ésta hubiese ayudado a ilustrar a las partes a tomar un camino u otro, conforme hemos resuelto.
Si bien es cierto que la primera notificación, es, a todas luces, correcta, ciertamente el tribunal de instancia creó incertidumbre al emitir una “notificación enmendada”, idéntica a la notificación que pretendía enmendar, la cual no tenía propósito alguno. Entonces, al no existir explicación en cuanto a las razones por las cuales el tribunal de instancia emitió una “notificación enmendada”, no podemos permitir que las partes tengan que adivinar a cuál de las dos notificaciones referirse para comenzar a calcular el término para presentar un recurso de apelación.
No podemos aceptar que una incertidumbre propiciada por el tribunal de instancia —y que el propio Tribunal de Apelaciones no logró explicar— tenga el efecto de penalizar a una parte que se vio en la obligación de escoger una de las notificaciones emitidas por dicho tribunal para calcular el término apelativo.
Cuando la actuación del secretario del tribunal en cuanto a una notificación crea dudas, el Tribunal de Apelaciones no debe, arbitrariamente, decidir que la notificación eficaz es la que de hecho ocasiona perjuicio a una de las partes. Si el Tribunal de Apelaciones no pudo descifrar las acciones del tribunal de instancia, así tampoco puede pretender que las partes lo hagan.
Por ende, no creemos justo, en este caso, penalizar a Westernbank por descansar en la notificación enmendada de 22 de junio de 2006 para calcular el término para acudir en apelación. De hecho, el que Ramos Ramos no levantara, en ningún momento, la defensa de falta de jurisdicción ante el Tribunal de Apelaciones constituye evidencia de que ambas partes entendieron que el término para acudir en apelación comenzó a transcurrir a partir de la notificación enmendada, independientemente del hecho de que un *638 tribunal puede, motu proprio, desestimar una acción si entiende que no tiene jurisdicción para atenderla.
Nuestro sentido de justicia no nos permite resolver que un error como el cometido en el presente caso por la secretaría del tribunal de instancia prive a una parte de su derecho a apelar. En consecuencia, y en vista de que no aplican a los hechos del presente caso nuestras decisiones anteriores sobre el tema, en las cuales hubo un error en la notificación, lo más justo y razonable es resolver, dados los hechos particulares del caso, que la notificación de la orden que resolvió la moción de determinaciones de hechos y derecho adicionales y reconsideración, fue la “notificación enmendada” de 22 de junio de 2005. Al así concluir, Westernbank ciertamente acudió en tiempo ante el Tribunal de Apelaciones, pues el término de treinta días, contados desde el 22 de junio de 2005, concluyó el 22 de julio de 2005, un día después de que Westernbank presentara su recurso de apelación.
Confirmar el resultado al cual llegó el Tribunal de Apelaciones vulnera el debido proceso de ley de una parte perdidosa que interesa recurrir en apelación y confía en una notificación del tribunal para comenzar a contar el término de treinta días jurisdiccionales que tiene para hacerlo.
Por los fundamentos antes expuestos, se dicta sentencia revocatoria de la emitida por el Tribunal de Apelaciones y se devuelve el caso a dicho foro para la continuación de procedimientos ulteriores compatibles con lo aquí resuelto.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió una opinión disidente. La Juez Asociada Señora Fiol Matta disintió sin opinión escrita. El Juez Asociado Señor Rivera Pérez no interviene.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Según el Tribunal de Apelaciones, el término de treinta días en realidad vencía el 2 de julio de 2005, pero ese día era sábado, el 3 de julio domingo, y siendo feriado el lunes 4 de julio, el término verdaderamente vencía el martes 5 de julio de 2005.