EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Maximino Ramos Ramos<br><br>Recurrido<br><br>v.<br><br>Westernbank Puerto Rico<br><br>Peticionario<br><br>Julia González Morales,<br>t/c/p Julia Ramos Gonzalez<br><br>Tercera demandada–<br>Recurrida | Certiorari<br><br>2007 TSPR 122<br><br>171 DPR ____ |

Número del Caso: CC-2006-1043

Fecha: 13 de junio de 2007

Tribunal de Apelaciones:

> Región Judicial de San Juan, Panel VI

Juez Ponente:

> Hon. Carlos Rodríguez Muñiz

Abogado de la Parte Peticionaria:

> Lcdo. José M. Biaggi Junquera

Abogado de la Parte Recurrida:

> Lcdo. Arturo L. Hernández González

Materia: Restitución de Fondos y Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Maximino Ramos Ramos

    Recurrido

       vs.

Westernbank Puerto Rico          CC-2006-1043     CERTIORARI

    Peticionario

Julia González Morales,
t/c/p Julia Ramos González

    Tercera demandada-
    recurrida

SENTENCIA

San Juan, Puerto Rico, a 13 de junio de 2007

El 6 de mayo de 2001, Maximino Ramos Ramos presentó una demanda en el Tribunal de Primera Instancia, Sala Superior de San Juan, contra Westernbank, entre otros, sobre restitución de fondos y daños y perjuicios. Celebrada la vista en su fondo, el 9 de mayo de 2005, el tribunal de instancia ordenó a Westernbank a pagarle a Ramos las sumas de $68,191.40, en restitución de los fondos que estaban en su cuenta de cheques, $15,000 en daños y perjuicios y $2,500 por concepto de honorarios de abogado. Dicha sentencia se notificó y archivó en autos el 11 de mayo de 2005.

El 23 de mayo de 2005, Westernbank presentó, en tiempo, una moción solicitando determinaciones

de hecho y conclusiones de derecho adicionales y reconsideración". El 26 de mayo de 2005, el tribunal declaró no ha lugar la moción presentada por Westernbank. Dicho dictamen se notificó el 2 de junio de 2005.

Así las cosas, el 22 de junio de 2005, el tribunal emitió un "Notificación Enmendada" en relación a la moción de determinaciones de hechos y de derecho adicionales y reconsideración. Aun cuando se hizo constar que esta notificación era una "enmendada", la misma es idéntica a la notificación original de 2 de junio de 2005.

Inconforme con la determinación del tribunal de instancia, el 21 de julio de 2005, Westernbank presentó un recurso de apelación ante el Tribunal de Apelaciones. En esa misma fecha, Westernbank también presentó ante dicho foro una moción solicitando que se utilizara la transcripción de la prueba oral de los procedimientos ocurridos ante el tribunal de instancia, la cual había sido tomada por taquígrafo y transcriptor independiente.

El 3 de agosto de 2005 Ramos Ramos se opuso, mediante moción a esos efectos, a que utilizaran dicha transcripción. Adujo que no recordaba que el tribunal de instancia hubiese autorizado la grabación; que el transcriptor, aparte de no habérsele tomado el juramento, no era funcionario del tribunal y que Westernbank no había notificado copia de la transcripción una vez concluyó el juicio. Ramos no levantó la defensa de falta de jurisdicción. El 19 de septiembre de 2005, el Tribunal de

Apelaciones emitió una resolución denegando el uso de la transcripción de la prueba presentada por Westernbank porque no cumplía con el reglamento de dicho foro.

El 17 de octubre de 2005, las partes presentaron una moción conjunta para que el Tribunal de Apelaciones autorizara utilizar la transcripción antes descrita como transcripción estipulada. El 26 de octubre de 2005, el Tribunal de Apelaciones emitió una resolución accediendo a la solicitud de las partes. En la misma, ordenó la presentación de sus respectivos alegatos.

Posteriormente, el 13 de julio de 2006, el Tribunal de Apelaciones emitió una sentencia en donde desestimó el recurso de apelación presentado por Westernbank por alegada falta de jurisdicción. En dicha sentencia, el foro apelativo intermedio adujo que, de los autos originales del caso, no surgía que la primera notificación resolviendo la moción de determinaciones de hechos y derechos adicionales y reconsideración fuese errónea ni tampoco que las partes solicitaran que el tribunal notificara nuevamente la misma. A base de ello, el Tribunal de Apelaciones concluyó "que la notificación enmendada en este caso fue totalmente inoficiosa ya que no existía ninguna razón por la cual tuviera que notificarse nuevamente la resolución del 26 de mayo de 2005. Todo parece indicar que tal notificación fue el resultado de un error de la Secretaria del TPI". (Énfasis suplido.)

De esta manera, el Tribunal de Apelaciones entendió que el término de treinta días, dentro del cual Westernbank venía obligado a apelar, comenzó a decursar el 2 de junio de 2005, fecha en que primero se notificó la mencionada resolución, y no el 22 de junio de 2005, fecha de la notificación enmendada. Por ende, según el cálculo del Tribunal de Apelaciones, Westernbank tenía hasta el 5 de julio de 2005 para presentar el recurso de apelación.[1] Consecuentemente, habiendo Westernbank presentado su recurso de apelación el 21 de julio de 2005, el Tribunal de Apelaciones resolvió que no tenía jurisdicción.

Westernbank acudió ante este Tribunal --vía *certiorari*-- aduciendo únicamente que el Tribunal de Apelaciones incidió:

> ...al desestimar por falta de jurisdicción la apelación radicada oportunamente por el recurrente.

El 2 de febrero de 2007, emitimos una Resolución concediéndole veinte días a Ramos Ramos para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por el Tribunal de Apelaciones. Contando con la comparecencia de las partes, procedemos a resolver.

---

[1] Según el Tribunal de Apelaciones, el término de treinta días en realidad vencía el 2 de julio de 2005, pero ese día era sábado, el 3 de julio domingo, y siendo el lunes 4 de julio feriado, el término verdaderamente vencía el martes 5 de julio de 2005.

I

Los procedimientos judiciales ante un tribunal de instancia finalizan cuando el juez dicta sentencia resolviendo la cuestión ante su consideración. Una vez se notifica y se archiva en autos copia de dicha sentencia, la parte perjudicada cuenta con un término para acudir en apelación ante el Tribunal de Apelaciones. La Regla 53.1 (c) de Procedimiento Civil dispone que el término para recurrir en apelación es de treinta días, contado el mismo desde el archivo en autos de copia de la notificación de la sentencia. 32 L.P.R.A. Ap. III. Como es sabido, este término es de carácter jurisdiccional.

No obstante, este término se puede interrumpir utilizando ciertos mecanismos procesales posteriores a la sentencia. Ejemplo de ello es la moción para solicitar enmiendas o determinaciones iniciales o adicionales de hechos o de derecho. A tenor con la Regla 43.3 de Procedimiento Civil, ante, dentro de los primeros diez días de archivada en autos copia de la sentencia, una parte puede solicitarle al tribunal, mediante moción, que haga enmiendas o determinaciones adicionales de hechos o de derecho. La parte que presente dicha moción viene obligada a notificársela a las demás partes dentro del mismo término. Este término de notificación es de cumplimiento estricto.

Así pues, la presentación oportuna de la moción solicitando enmiendas o determinaciones adicionales

interrumpe el término para acudir ante el tribunal apelativo. Sin embargo, la mera presentación de dicha moción no siempre interrumpe el término para apelar. El propósito de la Regla 43.3, ante, no es aumentar el término jurisdiccional, sino más bien, ese es un efecto incidental de la regla. Por ende, en Andino v. Topeka Inc., 142 D.P.R. 933 (1997), resolvimos que para que una solicitud de determinaciones adicionales interrumpa el término apelativo:

> no basta que su título exprese que se piden tales determinaciones de hecho o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo.

Conforme lo anterior, cuando la parte que solicita determinaciones adicionales de hechos y/o derecho cumple con los requisitos expuestos, los términos para ir en apelación "comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas". 32 L.P.R.A. Ap. III, R. 43.4. Cabe señalar que en Juliá Padró v. Vidal, S.E., 153 D.P.R. 357 (2001), explicamos que un recurso apelativo resultará prematuro si se presenta antes de que el tribunal sentenciador resuelva y notifique una moción de determinaciones adicionales.

Por otro lado, el término de treinta días para apelar está sujeto a que se emita una notificación correcta. Una vez el tribunal dicta una sentencia, orden o resolución, el

secretario del tribunal tiene que notificársela a las partes. De acuerdo con la Regla 46 de Procedimiento Civil, "[l]a sentencia no surtirá efecto hasta archivarse en autos copia de la notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo". 32 L.P.R.A. Ap. III.

Como expresáramos en Caro v. Cardona, 158 D.P.R. 592 (2003), "la notificación es parte integral de la actuación judicial y afecta el estado procesal del caso. Por lo tanto, para que una resolución u orden surta efecto, tiene que ser emitida por un tribunal con jurisdicción y notificada a las partes, ya que es a partir de la notificación cuando comienzan a transcurrir los términos establecidos en dicha resolución u orden".

Por otro lado, las Reglas 65.3 y 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establecen la forma en que se hará toda notificación. Cuando por equivocación no se hace de la forma establecida ni se da esa simultaneidad, la notificación es, *a priori*, defectuosa y no se activan ni comienzan a transcurrir los términos jurisdiccionales correspondientes.

"La correcta y oportuna notificación de las resoluciones, órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial". Cuevas Segarra,

Práctica Procesal Puertorriqueña: Procedimiento Civil, Publicaciones J.T.S., 2000, Tomo II, págs. 1138-1139.

No obstante, la Regla 49.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III le permite a los tribunales corregir en cualquier momento todo error de forma que surja de una sentencia, orden u otra parte del expediente. Hemos señalado que estos errores son aquellos que ocurren "por inadvertencia u omisión, o por errores mecanográficos, o que no pueden considerarse [que] van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". Vélez Seguinot v. A.A.A., res. el 18 de mayo de 2005, 2005 TSPR 69; S.L.G. Coriano v. K-Mart Corp., 154 D.P.R. 523 (2001).

Ejemplo de ello es no enviar copia de la sentencia, orden o resolución junto con la notificación. Por lo tanto, estos errores en la notificación no tienen el efecto de interrumpir el término dispuesto para instar los remedios posteriores a la sentencia. Vélez Seguinot v. A.A.A., ante; Barletta v. Tribunal Superior, 100 D.P.R. 690 (1972).

II

El Tribunal de Apelaciones descansó en Rodríguez Mora v. García Llorens, 147 D.P.R. 305 (1998), para desestimar el recurso de apelación de Westernbank. En dicho caso resolvimos que "un error oficinesco imputable a la secretaría de un tribunal, y la necesidad de subsanarlo mediante emisión de una ulterior notificación enmendada, *no*

*puede generar la anomalía de crear dos (2) términos apelativos jurisdiccionales..."*

No obstante, los hechos en <u>Rodríguez Mora</u> v. <u>García Llorens</u>, ante, <u>no</u> se asemejan a los hechos del presente caso. Primeramente, en aquella ocasión, la controversia versaba sobre una notificación inexistente porque no le notificaron la sentencia a una parte. En el caso ante nos <u>no</u> hubo una notificación defectuosa. Todas las partes fueron debidamente notificadas. El problema surge porque después de notificada la orden innecesariamente, se notificó otra como "enmendada".

Westernbank no aduce que existan, ni que se pueden crear dos términos jurisdiccionales. Simplemente plantea que, aun cuando está de acuerdo con la conclusión del Tribunal de Apelaciones de que el tribunal de instancia cometió un error al notificar por segunda vez la resolución de la moción, <u>no</u> se le debe penalizar por dicho error.

En <u>Vélez Seguinot</u> v. <u>A.A.A.</u>, ante, también tuvimos la oportunidad de discutir el tema de errores en la notificación. En aquella ocasión, cuando el Tribunal de Primera Instancia notificó la sentencia, el volante de notificación hizo constar una fecha de sentencia incorrecta aun cuando la sentencia como tal contenía la fecha correcta. De hecho, las partes acudieron en tiempo ante el Tribunal de Apelaciones, dejándose llevar por la susodicha notificación. No fue hasta que una parte acudió ante este Tribunal que alegadamente se percató que la notificación no

se había hecho "conforme a derecho" y a su vez solicitó del Tribunal de Primera Instancia que enmendara dicha notificación para que incluyera la fecha correcta de la sentencia emitida por ese foro.

Así las cosas, el tribunal de instancia emitió una notificación enmendada, según se le solicitó, y "'aclaró' que la misma era sólo a los fines de corregir la fecha en que fue emitida la sentencia". _Vélez Seguinot_ v. _A.A.A.,_ ante. En cuanto a la controversia de si la primera notificación era correcta en derecho, resolvimos que:

> [n]o hay duda de que se trata de un _mero error oficinesco_ en la referida notificación, ocurrido por inadvertencia, _que no afectó la sustancia de la sentencia emitida ni los derechos de las partes, en específico de los demandados_. La _mejor evidencia_ de ello constituye el hecho de que éstos acudieron, en tiempo, ante el Tribunal de Apelaciones...

Consecuentemente, en esa ocasión entendimos que el término para acudir en apelación comenzó a decursar desde la primera notificación en donde la fecha de la sentencia era errónea.

No empece, somos del criterio que el caso ante nuestra consideración se distingue del de _Vélez Seguinot_ v. _A.A.A.,_ ante. En el presente caso, la primera notificación no adolecía de error alguno y ninguna parte solicitó que se emitiera una notificación enmendada. Siendo así, ¿cómo aplicarle a estos hechos la casuística antes mencionada --relativa la misma a cuando una primera

notificación es errónea o incorrecta en derecho-- cuando la notificación en el presente caso no lo era?

No se podría decir, como se dijo en <u>Vélez Seguinot</u> v. <u>A.A.A.</u>, ante, que la enmienda corrigió un "mero error oficinesco" o de forma, que no va a la sustancia de la notificación y que por lo tanto se retrotrae a la fecha de la notificación original, <u>porque como ya dijéramos, la primera notificación en el presente caso no adolecía de error alguno</u>. Además, <u>no</u> podemos decir, ni concluir, que las partes sujetas a dicha notificación dieran por sentado que la notificación enmendada era, en su totalidad, un "mero error oficinesco" o de forma.

Fue el propio tribunal de instancia que, tal vez por inadvertencia, emitió la notificación enmendada, que a su vez no contiene, ni hace alusión, a enmienda o cambio alguno. <u>El problema estriba precisamente en que no hay explicación alguna para la actuación del tribunal en relación a la notificación enmendada</u>. De haberla, ésta hubiese ayudado a ilustrar a las partes a tomar un camino u otro, conforme hemos resuelto.

Si bien es cierto que la primera notificación, es, a todas luces, correcta, <u>ciertamente el tribunal de instancia creó incertidumbre al emitir una "notificación enmendada", idéntica a la notificación que pretendía enmendar, la cual no tenía propósito alguno</u>. Entonces, al <u>no</u> existir explicación en cuanto a las razones por las cuales el tribunal de instancia emitió una "notificación enmendada",

no podemos permitir que las partes tengan que adivinar a cuál de las dos notificaciones referirse para comenzar a calcular el término para presentar un recurso de apelación.

No podemos aceptar que una incertidumbre propiciada por el tribunal de instancia  --y que el propio Tribunal de Apelaciones no logró explicar-- tenga el efecto de penalizar a una parte que se vio en la obligación de escoger una de las notificaciones emitidas por dicho tribunal para calcular el término apelativo.

Cuando la actuación del secretario del tribunal en cuanto a una notificación crea dudas, el Tribunal de Apelaciones no debe, arbitrariamente, decidir que la notificación eficaz es la que de hecho ocasiona perjuicio a una de las partes. Si el Tribunal de Apelaciones no pudo descifrar las acciones del tribunal de instancia, así tampoco puede pretender que las partes lo hagan.

Por ende, no creemos justo, en este caso, penalizar a Westernbank por descansar en la notificación enmendada de 22 de junio de 2006 para calcular el término para acudir en apelación. De hecho, el que Ramos Ramos no levantara, en ningún momento, la defensa de falta de jurisdicción ante el Tribunal de Apelaciones constituye evidencia de que ambas partes entendieron que el término para acudir en apelación comenzó a decursar a partir de la notificación enmendada, independientemente del hecho que un tribunal puede, *motu propio*, desestimar una acción si entiende que no tiene jurisdicción para atenderla.

Nuestro sentido de justicia no nos permite resolver que un error como el cometido en el presente caso por la secretaría del tribunal de instancia prive a una parte de su derecho a apelar. En consecuencia, y en vista de que no aplican a los hechos del presente caso nuestras decisiones anteriores sobre el tema, en las cuales hubo un error en la notificación, lo más justo y razonable es resolver, dados los hechos particulares del caso, que la notificación de la orden resolviendo la moción de determinaciones de hechos y derecho adicionales y reconsideración, fue la "notificación enmendada" de 22 de junio de 2005. Al así concluir, Westernbank ciertamente acudió en tiempo ante el Tribunal de Apelaciones, pues el término de treinta días, contados desde el 22 de junio de 2005, concluyó el 22 de julio de 2005, un día después de que Westernbank presentara su recurso de apelación.

Confirmar el resultado al cual llegó el Tribunal de Apelaciones vulnera el debido proceso de ley de una parte perdidosa que interesa recurrir en apelación y confía en una notificación del tribunal para comenzar a contar el término de treinta días jurisdiccionales que tiene para hacerlo.

Por los fundamentos antes expuestos, se dicta Sentencia revocatoria de la emitida por el Tribunal de Apelaciones y se devuelve el caso a dicho foro para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión disidente. La Juez Asociada señora Fiol Matta disiente sin opinión escrita. El Juez Asociado señor Rivera Pérez no interviene.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Maximino Ramos Ramos
        Recurrido

            vs.

Westernbank Puerto Rico
        Peticionario                    CC-2006-1043    Certiorari

Julia González Morales,
t/c/p Julia Ramos González
        Tercera Demandada–
        Recurrida

Opinión Disidente emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 13 de junio de 2007.

El caso de autos gira en torno a una misteriosa notificación por el foro de instancia de una **segunda sentencia <u>idéntica</u>** a otra sentencia correctamente notificada por el mismo foro **veinte días antes**.

Una mayoría del Tribunal resuelve que por unas supuestas consideraciones de justicia y de debido proceso de ley debe resolverse que el término para apelar comenzó a decursar en este caso a partir de la misteriosa segunda sentencia y no a partir de la primera.

Así una mayoría de este Foro convierte en dictamen efectivo la misteriosa segunda sentencia, **que nadie sabe cómo o por qué se emitió en este**

**caso, y que en recto Derecho no puede tener efectividad alguna porque es sólo una <u>repetición superflua</u> de la válida notificación original.**

En mi criterio, aquí también existe **otro misterio** que la mayoría del Tribunal no comenta ni menciona. Ese misterio es cómo la parte apelante concernida, **<u>habiendo sido debidamente notificada de la correcta primera sentencia</u>**, no presentó su apelación respecto a dicha sentencia durante el término jurisdiccional correspondiente. Una vez vencido este término, la apelación se presentó dentro del término supuestamente correspondiente a la superflua segunda sentencia. Supongo que esto tiene también algo de misterioso, porque la parte apelante pudo al fin impugnar el dictamen del foro de instancia, sin haber conocido cuando el único término válido para ello transcurrió que surgiría un supuesto segundo término para la apelación referida.

Sobre lo que no hay ningún misterio, es sobre la norma que aplica al caso de autos. Ya este Foro ha establecido claramente que **"sobre una misma sentencia no pueden haber válidamente, con fechas distintas, dos archivos en autos de la copia de la notificación"**. <u>Rodríguez Mora v. García Lloréns</u>, 147 D.P.R. 305 (1998). Aquí hubo una primera notificación correcta y válida. Es a partir de ésta que comenzó a transcurrir el término jurisdiccional para apelar, que estaba ya vencido cuando se presentó la apelación en el caso de autos. Por ello el Tribunal de Apelaciones correctamente desestimó el recurso de apelación presentado fuera de término.

Como la mayoría hoy se inventa una insólita excusa para contrariar lo que en Derecho es claro, y así concederle a la apelante un privilegio de apelación ante un Foro sin jurisdicción, yo disiento.


                                    JAIME B. FUSTER BERLINGERI
                                             JUEZ ASOCIADO